**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TERRY LEE MCVAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-15-SNLJ |
| | ) | |
| LARRY JARRED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the motion of plaintiff Terry Lee McVay, prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.03. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $25.17, and an average monthly balance of $16.19. The Court will therefore assess an initial partial filing fee of $5.03, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Pemiscot County Jail, and against the following six individuals: Larry Jarred, Randy Trimm, Tommy Greenwell, Jonathan Grace, Frank Parry, and Jimmy Parry. Plaintiff can be understood to identify Jarred, Trimm, Greenwell and Grace as law enforcement officers employed by the Pemiscot County Sheriff's Department. He identifies Frank Parry and Jimmy Parry as witnesses in his case.

Plaintiff states he sues Jarred and Grace in their official capacities. He does not indicate the capacity in which he sues Trimm or Greenwell, so the Court interprets the complaint as asserting only official-capacity claims against them. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity

3

in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

Plaintiff sets forth his statement of claim as follows:

The Stelle Police on 10-Nov-2021 at 11:30-21 they have stop me and put me in jail for something I did not do and Jonathan Grace Prejudice of my case and I have been in jail for something I did not do and he [illegible] lid all of the time he take me to jail and that have happen mor than one time of my case and he [illegible] work for Steele Police for Tommy Greenwell of [Caruthersville] Mo 63830 5 year and benn prejudice of my case and every time he see me he allway take me to jail for someing I did not do and this is facts and he said I have had terry Nicholas and I did not do that to him that is all [illegible] and Larry Jarred and Randy Trimm and Tommy Greenwell is all in my cas and they have lid on me for something I did not do that is not right for thim [illegible] do that to my and they said assault terry nickel but I did not do that to hem and they said I have one house I can not burglary my on house that is a lid and assault hem to, that happen on 10-Nov-2021 that what thay said. They is all prejudice of my case something need to be don about it and they all lid under oath division 2 # court house in Pemiscot County 63830 I have all the proof

(ECF No. 1 at 3-4) (emphasis in original).[1] In setting forth his prayer for relief, plaintiff writes: "I [illegible] I [should] get 1,0000000 mor for thim lid on me and lid under oath on my case." *Id.* at 5.

### Discussion

Having reviewed and liberally construed the complaint, the Court is unable to discern plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. Instead, he has provided a long sentence that is full of repetitive, conclusory, and incomprehensible statements. While this Court must liberally construe *pro se* filings, it will

---

[1] The text is quoted without correction of spelling and grammatical errors.

not construct claims or assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). The Court therefore concludes that the complaint is subject to dismissal. *See Twombly,* 550 U.S. at 570 (An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

The complaint is subject to dismissal for other reasons, as well. The Pemiscot County Jail is not an entity that is subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if the Court were to construe the complaint as brought against Pemiscot County, plaintiff's allegations would not state a claim of municipal liability.  *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978).

To the extent Jarred, Trimm, Greenwell and Grace are Pemiscot County Sheriff's Department employees sued in their official capacities, the complaint fails to state a claim upon which relief may be granted against them. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the Pemiscot County Sheriff's Department.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  However, sheriff's departments are not usually considered legal entitles subject to suit.  *See Ketchum,* 974 F.2d at 82. Plaintiff identifies Frank Parry and Jimmy Parry as witnesses in his case, and does not clearly indicate that they are state actors or that they acted under color of state law. The complaint therefore fails to state § 1983 claims against them. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Finally, even if plaintiff had sued Jarred, Trimm, Greenwell and Grace in their individual capacities, and had alleged that Frank and Jimmy Parry acted under

color of state law, the complaint would fail to state a claim upon which relief may be granted against them for the reasons expressed above.

After carefully reading and liberally construing the complaint, the Court finds that it is frivolous and/or fails to state a claim upon which relief may be granted, and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court can envision no amendment to the complaint that would cause it to state a plausible claim. The Court will therefore dismiss the complaint at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $5.03.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE